Dear Mr. Pratt:
You have requested an opinion from this Office regarding the applicability of Title 41 of the Louisiana Revised Statutes to the Sabine River Authority ("SRA"). This request is extremely broad, as Title 41 encompasses all laws related to the regulation of public lands in Louisiana. In subsequent conversations, you identified your specific issue as the applicability of La.R.S. 41:1601, et seq., to the SRA's construction of facilities within its jurisdiction to promote recreation and tourism as provided by La.R.S. 38:2321, et seq.
The implicated portion of Title 41 — La.R.S. 41:1601, et seq. — deals with the authority and jurisdiction of the Louisiana Division of Archaeology. Of specific relevance to the current opinion request is La.R.S. 41:1605. This statute states, in pertinent part, that:
 [i]t shall be unlawful for any agency, political subdivision, group, or person to take, alter, damage, destroy, or excavate on state-owned lands as herein described without first obtaining a permit or contract from the secretary.[1]
The Legislature has granted broad authority to the SRA to manage its affairs.[2] Based upon this broad grant of authority, this office is of the opinion that the SRA is not required to adhere to the protections of archaeological resources on State-owned lands that are embodied in La.R.S. 41:1601, et seq.[3] *Page 2 
The SRA's general construction authority is set forth in La.R.S. 38:2328. This statute reads, in pertinent part, as follows:
 The Authority may locate, construct, operate and maintain any of its works or facilities over, under, through, in or along any of the lands which are the property of the state or of any subdivision, institution, agency or instrumentality thereof, within its territorial jurisdiction without the obtaining of consents, licenses or permits other than the consent herein granted.[4]
As a general rule, La.R.S. 38:2328 grants the SRA with broad exemptions from the requirements of obtaining authority from State agencies prior to making constructions on its property. The SRA is granted broad general authority under La.R.S. 38:2337, which provides, in pertinent part, as follows:
 This Chapter shall be full, complete and independent authority for the performance of all acts herein authorized, and no other statute or legislative act shall be construed to be applicable to the carrying out of the powers herein granted unless herein expressly so made applicable. . . . This Chapter being intended to carry out a function of the state to protect the health and welfare of the inhabitants of the portion of the state to be affected hereby, shall be liberally construed by the courts to effect its purposes.
Read together, La.R.S. 38:2337 and 38:2338 provide the SRA an exemption from the mandates of La.R.S. 41:1601, et seq.[5]
It is important to note that all State agencies, including the SRA, are confined in their actions by La.Const. Art. IX, Sec. 1, also known as the public trust doctrine, which states,
 The natural resources of the state, including air and water, and the healthful, scenic, historic, and esthetic quality of the environment shall be protected, conserved, and replenished insofar as possible and consistent with the health, safety, and welfare of the people. The legislature shall enact laws to implement this policy.
Under this provision, all agencies have an obligation to avoid detrimental impacts to the State's historic resources (including archaeological resources). Thus, although the SRA's statutory exemption from La.R.S. 41:1601, et seq., clearly exempts that specific agency from the requirements for permitting to avoid *Page 3 
impacts to archaeological resources, the SRA should, under La.Const. Art. IX, Sec. 1, consider the impacts of its planned activities on these resources.[6]
We hope this sufficiently answers your inquiry; however, if we may be of further assistance please do not hesitate to contact our office.
 Sincerely yours,
 JAMES D. "BUDDY" CALDWELL ATTORNEY GENERAL
 By:__________________________ RYAN M. SEIDEMANN Assistant Attorney General
 JDC/RMS/tp
[1] La.R.S. 41:1605(B). The "secretary" referred to in this statute is the Secretary of the Department of Culture, Recreation Tourism, the parent agency of the Division of Archaeology.
[2] See La. Atty. Gen. Op. No. 97-287 and La. Atty. Gen. Op. 07-0093.
[3] Despite the reality that the SRA is not mandated to adhere to these protections, it should be noted that a brief review of the site location data at the Louisiana Division of Archaeology reveals no less than 122 archaeological sites in and around the Toledo Bend Reservoir. The sites range in type from lithic scatters to prehistoric camps to historic farms. Thus, the SRA's property encompasses a particular hotbed of human activity in Louisiana.
[4] La.R.S. 38:2328(C).
[5] We note that this appears to be a unique exemption from the mandates of La.R.S. 41:1601, et seq. We are aware of no other agency that is permitted an exemption from La.R.S. 41:1601, etseq.
[6] The most efficient means for considering impacts to these resources is by way of a phase I archaeological survey of a proposed project area.